UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHAQUILLE S. DINKINS,<br><br>                             Plaintiff,<br><br>            -against-<br><br>THE CITY OF NEW YORK, ET AL.,<br><br>                             Defendants. | 24-CV-1604 (LGS)<br><br>ORDER |

LORNA G. SCHOFIELD, District Judge:

    This case has been assigned to me for all purposes.  The parties should abide by this Court's Special Rules of Practice in Civil Pro Se Cases, which are attached to this Order.

    This case has been assigned to me for all purposes. It is hereby ORDERED that a conference will be held on **July 24, 2024,** at **2:00 P.M**. The conference will be telephonic. Plaintiff, who is currently incarcerated, is proceeding *pro se* (without an attorney).  For parties represented by counsel, all pretrial conferences must be attended by the attorney who will serve as principal trial counsel.  The parties shall ensure they are all dialed into the conference call by the appointed conference time.  By the date of the initial pretrial conference, counsel for any represented party is required to register as a filing user on ECF.

    IT IS HEREBY ORDERED that the Warden or other official in charge of the **Orleans Correctional Facility** in **Albion, NY**, or other facility in custody of **Shaquille S. Dinkins**, produce inmate **Shaquille S. Dinkins**, **DIN: 23R1394**, to an office in the facility with a reasonable degree of privacy to enable him to participate in a court conference through means of a teleconference from the facility to the United States Courthouse, Southern District of New York, on **July 24, 2024**, commencing at **2:00 P.M.** until completion.  At the date and time set forth herein, counsel for the defendants shall place the call to the facility and, with all parties on the line, dial in to a teleconference number provided in an order issued by the Court at least 24 hours prior to the conference date.  If this time and date presents an inconvenience, the Warden or the Warden's designee should promptly inform Chambers by calling (212) 805-0288.

    Counsel for defendants must (1) transmit this Order to the Warden forthwith; (2) contact the **Orleans Correctional Facility** forthwith to arrange the call and to determine the telephone number at which the plaintiff will be reachable at the above time and date.

    The purpose of the conference is to discuss the possibility of settlement, any possible motions the parties may wish to make, and the schedule for discovery.  The parties should be prepared to discuss the type of discovery that will likely be sought.  **No later than 14 days before the initial pretrial conference**, the parties are directed to confer and jointly submit a proposed case management plan based on the Court's template, which is available at http://nysd.uscourts.gov/judge/Schofield.

The parties are further directed to include with the Proposed Civil Case Management Plan one copy of the parties' pleadings and a joint letter, not to exceed 5 pages, providing the following information in separate paragraphs:

(1) A brief statement of the nature of the case, the principal claims and defenses, and the major legal and factual issues that are most important to resolving the case, whether by trial, settlement or dispositive motion;

(2) A brief statement by Plaintiff as to the basis of subject matter jurisdiction and venue, explaining why Plaintiff believes this matter is properly brought before this Court, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction and venue;

(3) A brief description of any (i) motions any party seeks or intends to file, including the principal legal and other grounds in support of and opposition to the motion, (ii) pending motions and (iii) other applications that are expected to be made at the status conference;

(4) A brief description of any discovery that has already taken place, and any discovery that is likely to be admissible under the Federal Rules of Evidence and material to proof of claims and defenses raised in the pleadings. (This is narrower than the general scope of discovery stated in Rule 26(b)(1));

(5) A computation of each category of damages claimed, *see* Fed. R. Civ. P. 26(a)(1)(A)(iii);

(6) A statement describing the status of any settlement discussions and whether the parties would like a settlement conference; and

(7) Any other information that the parties believe may assist this Court in resolving the action.

If this case has been settled or otherwise terminated, the parties are not required to appear if a stipulation of discontinuance, voluntary dismissal, or other proof of termination is sent to Chambers before the date of the conference (Schofield_NYSDChambers@nysd.uscourts.gov).

Any request for an extension or adjournment shall be made only by letter as provided in Pro Se Rule 1.C (*see* below) and must be received at least 48 hours before the deadline or conference. Unless the parties are notified that the conference has been adjourned, it will be held as scheduled.

**DATE AND PLACE OF CONFERENCE**: **July 24, 2024, at 2:00 P.M.** to be held telephonically in accordance with instructions on the first page of this order.

The clerk is directed to mail a copy of this order to the pro se Plaintiff.

Dated: June 5, 2024
      New York, New York

                                                          **LORNA G. SCHOFIELD**
                                              **UNITED STATES DISTRICT JUDGE**

SPECIAL RULES & PRACTICES IN CIVIL *PRO SE* CASES
JUDGE LORNA SCHOFIELD, UNITED STATES DISTRICT JUDGE

**Pro Se Office**
United States District Court
Southern District of New York
500 Pearl Street, Room 230
New York, New York 10007
(212) 805-0175

1. **Communications**

   A. **By a *Pro Se* Party.** All communications with the Court by a *pro se* party must be sent to the Pro Se Office and must include an Affidavit of Service or other statement affirming that the *pro se* party sent a copy to all other parties or to their counsel if they are represented. No documents or Court filings should be sent directly to Chambers.

   B. **By Parties Represented by Counsel.** Communications with the Court by a represented party shall be governed by Judge Schofield's Individual Rules and Practices in Civil Cases, available at http://nysd.uscourts.gov/judge/Schofield. Such communications must be accompanied by an Affidavit of Service affirming that the *pro se* party was served with a copy of the communication.

   C. **Requests for Adjournments or Extensions of Time.** All requests for adjournments or extensions of time must be made in writing and must state: (1) the original date(s); (2) the number of previous requests for adjournment or extension; (3) whether these previous requests were granted or denied; and (4) whether the adversary consents and, if not, the reasons given by the adversary for refusing to consent. If the requested adjournment or extension affects any other scheduled dates, a represented party must submit a proposed Revised Scheduling Order. A *pro se* party may, but is not required to, submit a proposed Revised Scheduling Order. Requests for extensions of deadlines regarding a matter that has been referred to a Magistrate Judge shall be directed to that assigned Magistrate Judge. Absent an emergency, any request for adjournment of a court conference shall be made at least 48 hours prior to the scheduled appearance. Requests for extensions ordinarily will be denied if made after the expiration of the original deadline.

2. **Filing of Papers.**

   A. **By a *Pro Se* Party.** All papers to be filed with the Court by a *pro se* party, along with any courtesy copies of those papers, must be sent to the Pro Se Office, United States Courthouse, 500 Pearl Street, Room 230, New York, New York 10007, and must include an Affidavit of Service or other statement affirming that the *pro se* party sent copies to all other parties or to their counsel if they are represented. If counsel for a party in a *pro se* case files and delivers a Notice of Waiver of Paper Service pursuant to section 2(C) below, the *pro se* party will no longer be required to (1) send copies to counsel who filed the waiver or (2) file a corresponding Affidavit of Service but will still need to submit

      paperwork to the Pro Se Office for filing on ECF.

   B. **By Parties Represented by Counsel.**  Counsel in *pro se* cases must serve a *pro se* party with a paper copy of any document that is filed electronically and file with the Court a separate Affidavit of Service.  Submissions filed without proof that the *pro se* party was served will not be considered.

   C. **Waiver of Paper Service by Counsel.**  Counsel in *pro se* cases designated to the ECF system may waive paper service upon themselves and rely on service through the ECF system by electronically filing a Notice of Waiver of Paper Service (available at http://nysd.uscourts.gov/file/forms/waiver-of-rule-5-service-for-pro-se-cases and in the Pro Se Office) and delivering a paper copy of such Notice to the *pro se* party.  Where such Notice is filed, the *pro se* party will no longer be required to: (1) serve paper documents on the counsel who filed the waiver or (2) file proof of service of such document.  Counsel in *pro se* cases designated to the ECF system are strongly encouraged to file such a waiver.

3. **Discovery.**  All requests for discovery must be sent to counsel for the opposing party.  Discovery requests must not be sent to the Court.

4. **Motions**

   A. **Filing and Service.**  Unless otherwise ordered by the Court, papers filed in opposition to a motion must be served and filed within four weeks of service of the motion papers, and reply papers, if any, must be served and filed within two weeks of receipt of opposition papers.

   B. **Courtesy Copy.**  All motion papers should include one courtesy copy.  All courtesy copies shall be clearly marked as such.

   C. **Oral Argument.**  The Court will determine whether argument will be heard and, if so, will advise the parties of the argument date.

   D. ***Pro Se* Notices.**  Parties who file a motion to dismiss, a motion for judgment on the pleadings or a motion for summary judgment must provide the *pro se* party with a copy of the notices required under Local Civil Rules 12.1 or 56.2.

5. **Initial Case Management Conference.**  The Court will generally schedule an initial case management conference within four months of the filing of the Complaint.  An incarcerated party may not be able to attend this or other conferences, but may be able to participate by telephone or video conference.

6. **Trial Documents**

   A. **Pretrial Statement.**  Unless otherwise ordered by the Court, within 30 days of the completion of discovery, a *pro se* party shall file a concise, written Pretrial Statement.

      This Statement need take no particular form, but it must contain the following: (1) a statement of the facts the *pro se* party hopes to prove at trial; (2) a list of all documents or other physical objects that the *pro se* party plans to put into evidence at trial; and (3) a list of the names and addresses of all witnesses the *pro se* party intends to have testify at trial. The Statement must be sworn by the *pro se* party to be true and accurate based on the facts known by the *pro se* party. The *pro se* party shall file an original of this Statement with the Pro Se Office and an Affidavit of Service or other statement affirming that the *pro se* party sent a copy to all other parties or their counsel if they are represented. Two weeks after service of the *pro se* party's Statement, counsel for any represented party must file and serve a similar Statement containing the same information.

  **B. Other Pretrial Filings.** At the time of filing the Pretrial Statement, any parties represented by counsel must also submit proposed findings of fact and conclusions of law, if the case is to be tried before only a judge without a jury, or a proposed jury charge, if it will be tried before a jury. The *pro se* party may also file either proposed findings of fact and conclusions of law or a proposed jury charge, but is not required to do so.

If you have any questions about these rules and practices, please contact the Pro Se Office at (212) 805-0175.